## Commonwealth v. Wilson

*C. J. Todaro,* for Commonwealth.

*J. J. McEnery,* for defendant.

ALESSANDRONI, J., April 5, 1937.—This is an appeal from the order of the Secretary of Revenue, acting through his representative, suspending the operating license of Willie Wilson, appellant, for a period of 15 days from February 11, 1937.

At the hearing de novo, counsel submitted the following stipulation of facts:

On or about November 26, 1936, Willie Wilson was the driver and operator of an automobile while proceeding southeast on the Roosevelt Boulevard between Fifth and Sixth Streets, Philadelphia, striking a man by the name of McGlynn, who died as the result of being struck. Thereafter appellant, Willie Wilson, was exonerated by the coroner's jury of any criminal responsibility for the death of the said McGlynn; subsequently, at a hearing before the Department of Revenue, these facts were established and the operator's license was suspended for a period of 15 days, that suspension being based upon section 615(*b*)4 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751.

The question here raised is whether under that section the Secretary of Revenue had authority to suspend the operator's license. Subsection (*b*), par. 4, of section 615 of the act reads:

"The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, whenever the secretary finds upon sufficient evidence. . . . That such person was operating any motor vehicle involved in an accident resulting fatally to any person."

The question before us is whether in the absence of negligence, criminal or otherwise, the Secretary of Revenue has the power to suspend an operator's license on the

mere showing that such person was operating a motor vehicle involved in an accident resulting fatally. Subsection 4 was not in The Vehicle Code of 1929, and was specifically added by the legislature when it passed the amending Act of 1931. There can be no mistake as to the legislative intent when it empowered the Secretary of Revenue to suspend an operator's license whenever it was shown that his automobile was involved in a fatal accident. It is urged by appellant that this provision is too drastic and operates unjustly, since it deprives one of the right to operate a motor vehicle who, through no carelessness or fault of his own, has been involved in a fatal accident. This may be so, but without attempting to read the legislative mind it is not too much to say that the mounting frequency of fatal accidents of this type has made it necessary in the interests of public safety to fasten greater responsibility than heretofore upon drivers. The Secretary of Revenue is given the discretionary power to suspend under the circumstances. We have no reason to anticipate that in a proper case he will not choose to exercise it in favor of the operator who is utterly blameless, as in the case of a pedestrian who carelessly steps into the side of a moving car. Under the agreed facts here the operator struck McGlynn. It does not follow that because Wilson was exonerated of criminal responsibility by the coroner's jury he is also relieved of further inquiry by the secretary under the provisions of this act. His counsel has pointed out that after this suspension he must file with the Department of Revenue an insurance policy covering him in any automobile accident for three years, in the amount of $10,000, or post a cash bond, if he would drive an automobile in the future. This burden may weigh heavily upon the driver, but it must yield before public necessity to safeguard the lives and safety of the public. We, therefore, find that appellant, Willie Wilson, is subject to suspension of his operator's license under the provisions of the Act of June 22, 1931, sec. 615(b) 4.

And now, to wit, April 5, 1937, the license heretofore issued to Willie Wilson to operate a motor vehicle is suspended for the period of 15 days from February 11, 1937.